UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN E. PIERSAWL as Personal Representative of the Estate of WILLIAM T. PIERSAWL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and UNKNOWN JOHN DOES AND JOHN DOE CLINICS,<br><br>Defendants. | CAUSE NO.<br><br>COMPLAINT FOR MEDICAL NEGLIGENCE |

## I.    PARTIES

1.1    Carolyn Piersawl is the wife of William Piersawl and the Personal Representative of the Estate of William Piersawl.  At all times material hereto, plaintiff's resided in Lynwood, Snohomish County, Washington.

1.2    Defendant United States of America is named on the basis of the determination pursuant to 28 U.S.C. Sec. 2671 that VA Puget Sound Health Care System and its physicians, employees, and agents are employees and agents of the Government.

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

1.3     Plaintiff alleges that there may be other health care providers, persons, or entities whose negligence contributed to Plaintiff's injuries and damages, but whose identity is not now known and who are referred to herein as Unknown John Does. Plaintiffs request that these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

1.4     Plaintiff alleges that there may be other Clinics, Corporations or Partnerships that employed individuals mentioned in the paragraphs above, such as to make these John Doe Clinics, Corporations or Partnerships responsible, whose negligence contributed to Plaintiff's injuries and damages, but whose identity is not now known and who are referred to herein as Unknown John Doe Clinics, Corporations or Partnerships.  Plaintiff requests that these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

## II.      JURISDICTION AND VENUE

2.1     On July 2, 2014, Plaintiff submitted a Claim for Damage, Injury, or Death Tort Claim form on all appropriate agencies (*See Exhibit 1, attached*).  The VA Office of Regional Counsel in Seattle, WA, received the claim form on July 9, 2014. On January 2, 2015, Plaintiff received a letter from the VA Office of Regional Counsel denying the Federal Tort Claim. (*See Exhibit 2, attached*).   Therefore, this Court has jurisdiction over the claims against the United States of America pursuant to 28 U.S.C. Sec. 2675(a).

2.2     Venue in this Court is proper pursuant to 28 U.S.C. sec. 1402(b).

COMPLAINT FOR MEDICAL NEGLIGENCE - 2

**HOLMAN LAW** PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

## III.    STATEMENT OF CLAIMS

3.1    In 2003 an Occupational Medical Officer evaluated Mr. Piersawl for exposure to asbestos in the Naval Shipyard throughout his military career. It was noted that the chest x-ray showed pleural thickening and recommended continued surveillance of Mr. Piersawls lungs.

3.2    Mr. Piersawl was evaluated numerous times at the VA Puget Sound Health Care System for coughing and trouble breathing beginning in 2009. Mr. Piersawl underwent several courses of antibiotics which did not resolve his coughing.

3.3    Mr. Piersawl continued to seek treatment at the VA Puget Sound Health Care System from 2009 – 2012, including instances where he would cough for such prolonged periods that he would vomit. Mr. Piersawl even sought treatment at the VA Emergency Department for his coughing.

3.4    Multiple bronchoscopies of Mr. Piersawl were obtained from 2010 – 2012. These bronchoscopes were improperly sterilized by the Sterile Processing Department in the AER machine at the Seattle VA Hospital.

3.5    The Sterile Processing Department at the Seattle VA Hospital disregarded manufacturer's instructions regarding proper usage of the AER machines leaving broncoscopes dirty after supposed sterilization. These broncoscopes were used on Mr. Piersawl, contributing to his already fragile lung condition and worsening Mr. Piersawl's pneumonia complications.

3.6    A CT of Mr. Piersawl's lungs was not obtained until February of 2012, which revealed an unresectable Stage III tumor in his lungs.

COMPLAINT FOR MEDICAL NEGLIGENCE - 3

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

3.7     Mr. Piersawl died February 26, 2013, as a result of his lung cancer and pneumonia.

### IV.     CLAIMS AGAINST THE UNITED STATES OF AMERICA

4.1     As alleged above, the VA Puget Sound Health Care System and its employees are employees of the Government pursuant to 28 U.S.C. Sec. 2671. Therefore, the proper defendant in this matter is the United States of America.

4.2     Medical Negligence.  Defendant United States of America, by and through is employees and agents,  VA Puget Sound Health Care System, failed to exercise the degree of care, skill and learning expected of reasonably prudent heath care providers in the same profession or class in the State of Washington acting in the same or similar circumstances.  Failure to exercise reasonable care includes, but is not limited to, proper sterilization procedures in the sterile processing department, use of sterile equipment, infection prevention protocols and timely ordering of diagnostic scan and proper follow-up care.  Such conduct proximately caused severe injuries and damage to plaintiff.  Such conduct establishes claims under RCW 4.24, RCW 7.70 and other applicable law.

4.3     Negligence.  The VA Puget Sound Health Care system failed to exercise the degree of care, skill and learning expected of reasonably prudent health care providers in the same profession or class in the State of Washington acting in the same or similar circumstances. If the actions of defendant fall outside of these parameters, negligence has occurred.

4.4     Informed Consent.  Defendant United States of America, by and through VA Puget Sound Health Care System and its employees, breached its duty to

**HOLMAN LAW** PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

COMPLAINT FOR MEDICAL NEGLIGENCE - 4

1   inform plaintiff of all material facts, including risks and alternatives, which a

2   reasonably prudent patient would need to make an informed decision on whether to

3   consent to or reject proposed courses of treatment.  This conduct proximately caused

4   injury to plaintiff.

5       4.5     Corporate Negligence.   Defendant United States is liable under the

6   doctrine of corporate negligence, WPI 105.02.02.   Defendant Hospital owes an

7

8   independent duty of care to its patients and has a duty to exercise the degree of skill,

9   care, and learning expected of a reasonably prudent hospital.  Defendant is responsible

10  for all acts and omissions of its employees, agents, independent contractors and is

11  responsible for adequate supervision of its staff members.  Defendant United States of

12  America is further responsible for implementing policies and procedures to ensure

13  proper staffing and credentialing. The appropriate standard of care for a patient with

14  persistent cough that is not resolved by antibiotics is to perform a CT scan.  Defendant

15  failed to reasonably order diagnostic testing on someone with asbestos exposure who

16  was on lung surveillance protocol with prolonged symptoms of unresolved coughing.

17  A CT was not obtained until February of 2012, over two years after Mr. Piersawl first

18  began complaining of his cough symptoms.  Further, Defendant is liable for standard

19  operating procedures in the sterile processing department at the Seattle VA that

20  contradict manufacturers recommendations on proper sterilization of bronchoscope

21  equipment in the AER machine.  Bronchoscopes that are improperly sterilized were

22  used on Mr. Piersawl increasing his exposure to chemicals and bacteria further

23  damaging Mr. Piersawl's already fragile lungs.

24

25

26

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

## V.   PROXIMATE CAUSE

5.1   The conduct of defendants herein was the proximate cause of plaintiff's injuries and damages as outlined below.

## VI.   INJURIES AND DAMAGES

6.1   The acts and omissions of Defendants directly and proximately caused plaintiff to suffer death following severe and permanent injury, both mental and physical, pain and suffering, mental anguish, disability, and other elements of damages as allowed by law.

6.2   Plaintiff incurred out-of-pocket expenses, including but not limited to medical expenses, income loss, and other expenses in an amount that will be proven at trial.

WHEREFORE, having set forth their complaints, Plaintiff requests that the Court enter judgment against Defendants, jointly and severally, for all injuries and damages sustained by the Plaintiff in the amounts to be proven in trial, together with their reasonable costs and fees incurred herein, and such further relief as justice requires.

DATED this _2nd_ day of February, 2015.


HOLMAN LAW, PLLC


Jessica F. Holman, WSBA No. 43065
Attorney for Plaintiff


COMPLAINT FOR MEDICAL NEGLIGENCE - 6

**HOLMAN LAW** PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924